UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: WELLS FARGO PAYCHECK PROTECTION PROGRAM LITIGATION                    MDL No. 2954

ORDER DENYING TRANSFER

**Before the Panel**:[*] The actions before the Panel involve allegations that Wells Fargo Bank, N.A. and Wells Fargo & Co. (together, "Wells Fargo") failed to properly process applications for loans under the Paycheck Protection Program ("PPP"), a federal loan program established under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help small businesses suffering economic damage from COVID-19 related shutdowns.[1] The litigation consists of five actions pending in four districts, as listed on Schedule A.[2] Plaintiff in one Southern District of Texas action (*DNM Contracting*) filed a motion under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Texas. After responses were filed, plaintiff took the position that one action – the *Ma* securities class action involving Wells Fargo's PPP implementation – was not appropriate for inclusion because it raised distinct factual and legal issues. At oral argument, movant proposed the Southern District of California as an alternative transferee district.

Plaintiff in one action (*Marselian*) supports centralization of all actions in the Northern District of California. Plaintiff in another action (*Karen's Custom Grooming*) opposes centralization and, alternatively, proposes excluding the *Ma* securities class action and centralizing the applicant class actions in the Southern District of California. Plaintiff in *Ma* opposes centralization of *Ma*. Defendant Wells Fargo opposes centralization and, alternatively, proposes the District of Colorado as the transferee district.

---

[*] Judge Nathaniel M. Gorton and Judge David C. Norton took no part in the decision of this matter.

[1] This docket was heard at the July 30, 2020 hearing session with two other dockets involving the alleged mishandling of PPP loan applications. *See* MDL No. 2944, *In re: JPMorgan Chase Paycheck Protection Program Litigation*; MDL No. 2952, *In re: Bank of America Paycheck Protection Program Litigation*.

[2] The motion for centralization listed eight actions for centralization. Subsequently, one action involving an unrelated agent fees class complaint was removed from the motion for centralization at the request of movant. *See* Minute Order, ECF No. 16 (J.P.M.L. June 24, 2020). Additionally, two actions (*Scherer* and *BSJA, Inc.*) were voluntarily dismissed, leaving only five actions at issue.

-2-

On the basis of the papers filed and the hearing session held,[3] we will deny plaintiffs' motion. Although these actions share factual questions arising out of allegations that Wells Fargo failed to implement and follow federal regulations requiring that PPP loan applications be processed on a "first-come, first-served" basis, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. In the four PPP applicant actions on the motion, it appears that individualized factual issues concerning the circumstances of each loan application will significantly diminish the potential efficiencies from centralization.[4] The *Ma* securities class action involves further distinct factual and legal issues particular to investors, as movant concedes in withdrawing its requests for inclusion of *Ma*. Additionally, the number of actions is limited and appears unlikely to grow. Two actions (*Scherer* and *BSJA*) have been voluntarily dismissed since the filing of the motion for centralization, and there are only three potential tag-along actions.

In the present circumstances, voluntary coordination among the parties and the involved judges is preferable to centralization. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. Such coordination appears practicable in this litigation, considering the limited number of actions and districts involved. Additionally, common defendant Wells Fargo is represented by the same counsel in all actions, and represents in the Panel briefing that it will support informal coordination of any overlapping discovery and other pretrial activities.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

---

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2954 (J.P.M.L. July 14, 2020), ECF No. 48.

[4] Plaintiffs allege different obstacles to submitting applications, and the record indicates that some plaintiffs have received PPP loans through Wells Fargo, and other applications have been withdrawn, approved pending further documentation, or are still pending. These differences will result in substantial case-specific factual issues, motions, and discovery. *See In re Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1353 (J.P.M.L. 2012) (denying centralization where "individualized discovery and legal issues are likely to be numerous and substantial").

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Matthew F. Kennelly |

IN RE: WELLS FARGO PAYCHECK PROTECTION PROGRAM LITIGATION    MDL No. 2954

## SCHEDULE A

<u>Northern District of California</u>

MA v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:20-03697
MARSELIAN v. WELLS FARGO & COMPANY, ET AL., C.A. No. 4:20-03166

<u>Southern District of California</u>

KAREN'S CUSTOM GROOMING LLC v. WELLS FARGO & COMPANY, ET AL., C.A. No. 3:20-00956

<u>District of Colorado</u>

PHYSICAL THERAPY SPECIALISTS, P.C. v. WELLS FARGO BANK, N.A., C.A. No. 1:20-01190

<u>Southern District of Texas</u>

DNM CONTRACTING, INC. v. WELLS FARGO BANK, N.A., C.A. No. 4:20-01790